# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD YOUNG, JR., | ) |
| Petitioner, | ) Civil Action No. 2:14-cv-1078 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| PENNSYLVANIA BOARD OF | ) |
| PROBATION AND PAROLE et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Presently before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner, Richard Young, Jr. For the reasons that follow, the Petition will be denied. Also, the Court finds that there is no basis upon which to grant a certificate of appealability.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Petitioner, Richard Young, Jr., ("Young" or "Petitioner"), a pro se state inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania, has petitioned for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in connection with the denial of parole by the Pennsylvania Board of Parole and Probation (the "Board") (ECF No. 1).

The Board has parole authority over Young based upon an aggregated 9 years and 9 months to 25 years sentence for convictions for aggravated assault, criminal conspiracy, burglary, and manufacture, sale, delivery or possession with intent to deliver a controlled substance. Prior to his current aggregated sentence, the Board had parole authority over Young on four separate prior sentences imposed for convictions for burglary, kidnapping, and theft.

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636, et. seq., Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 7 and 9).

1

(ECF No. 5-2, Attachments A and B). While serving those prior sentences, the Board recommitted Young as a parole violator on nine occasions. *Id.* The inmate number assigned to Young for his current aggregated sentence is EP-8117. The original minimum and maximum dates for Young's current aggregated sentences are April 28, 2008 and July 28, 2023. The Board has reviewed and denied Young parole on his current sentences at EP-8117 six times. *Id.*

The Board first interviewed Young for parole on February 29, 2008 and subsequently denied him parole by decision recorded March 12, 2008. The Board informed Young:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments concerning your mental and behavior condition and history that reflects ongoing risk to the community.
>
> Other factors deemed pertinent in determining that you should not be paroled: criminal history.
>
> You will be reviewed in or after February, 2010.
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for: prescriptive programs plans as recommended.
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).

> You may file an application for parole/reparole no sooner than 1 year after the
> date the last decision denying you parole/reparole was recorded.

(ECF No. 5-2, Attachment B, Exhibit 11).

The Board reviewed Young for parole again on June 29, 2009 and denied him parole by decision recorded August 13, 2009. The Board informed Young:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Your prior unsatisfactory parole supervision history.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> You will be reviewed in or after February, 2010.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for prescriptive program plan.
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Updated mental health evaluation to be available at time of review.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

(ECF No. 5-2, Attachment B, Exhibit 12).

The Board again reviewed Young for parole again on March 24, 2010 and denied him parole by decision recorded April 22, 2010. The Board informed Young:

3

Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:

You need to participate in and complete additional institutional programs.
Your risk and needs assessment indicating your level of risk to the community.
The negative recommendation made by the Department of Corrections.
Your prior unsatisfactory parole supervision history.
Reports, evaluations and assessments/level of risk indicates your risk to the community.
Your failure to demonstrate motivation for success.
Your minimization of the nature and circumstances of the offense(s) committed.
Your refusal to accept responsibility for the offense(s) committed.
Your lack of remorse for the offences(s) committed.

You will be reviewed in or after March 2012.

At your next interview, the Board will review your file and consider:

Whether you have received a favorable recommendation for parole from the Department of Corrections.

Whether you have maintained a clear conduct record.

Whether you have completed a the Department of Corrections prescriptive program(s)

You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

(ECF No. 5-2, Attachment B, Exhibit 13).

The Board again reviewed Young for parole again on August 25, 2011, and denied him parole by decision recorded September 29, 2011. The Board informed Young:

Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are refused parole/reparole. The reasons for the Board's decision include the following:

Your risk and needs assessment indicating your level of risk to the community.

The negative recommendation made by the Department of Corrections.

Your prior unsatisfactory parole supervision history.

4

Reports, evaluations and assessments/level of risk indicates your risk to the community.

Your failure to demonstrate motivation for success.

Your lack of remorse for the offences(s) committed.

You are to be reviewed on or after March, 2013.

At your next interview, the Board will review your file and consider:

Whether you have successfully completed the Department of Corrections prescriptive program plan.

Whether you have received a favorable recommendation for parole from the Department of Corrections.

Whether you have maintained a clear conduct record.

Updated mental health evaluation to be available at time of review

You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

(ECF No. 5-2, Attachment B, Exhibit 14).

The Board again reviewed Young for parole again on March 8, 2013 and denied him parole by decision recorded April 11, 2013. The Board informed Young:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole at this time. The reasons for the Board's decision include the following:

Your risk and needs assessment indicating your level of risk to the community.

The negative recommendation made by the Department of Corrections.

Your prior unsatisfactory parole supervision history.

Your failure to demonstrate motivation for success.

You are to be reviewed on or after March, 2014.

At your next interview, the Board will review your file and consider:

5

> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Whether you have successfully completed the Department of Corrections prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

(ECF No. 5-2, Attachment B, Exhibit 15).

The Board last interviewed Young for parole on March 13, 2014. Young states that he was questioned by "a female board member Ms. Gray, and board hearing examiner Mr. Gobonay" at his sixth Parole Board hearing. (ECF No. 1). He was asked about his aggravated assault conviction and told the Board "that I had fired 6 rounds from a 9mm handgun at a police vehicle, and directly in the line of a police officer sitting in that police vehicle. I then immediately told this board member that I was so thankful that none of those rounds had struck this police officer, and that I was very very sorry for this...." *Id.* He was then asked to explain "2 nurse kidnappings that I had committed back on November 4th/1976. But when I started explaining to this board member that none of these nurses were raped by me, and none of the 4 nurses were injured in any way as well. I then stated that I had a lot of opportunities to rape if that was what I set out to do that evening, but that was not the case...." *Id.* "This petitioner stated to Board Member Grey that he thought about sex, but this was only after Board Member Grey would not believe me when she questioned me about the first nurse kidnapping incident." (ECF No. 8).

The Board denied Young parole by decision recorded April 24, 2014 and informed him of the following reasons:

6

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your need to participate in and complete additional institutional programs. Evaluate for sex offender program.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Your prior unsatisfactory parole supervision history.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your minimization of the nature and circumstances of the offense(s) committed.
>
> You are to be reviewed in or after March 2017.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully participated in/successfully completed a treatment program for sex offenders and evaluate for sex offender program due to admissions of a sexual nature made during interview.
>
> Your compliance with a DOC ordered mental health services.
>
> Whether you have received/maintained a clear conduct record.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have completed the Department of Corrections prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

(ECF No. 5-2, Attachment B, Exhibit 16).

Young is due to be reviewed for parole again in or after March 2017 and remains incarcerated on the aggregated sentence at inmate number EP-8117.

Following this denial, Young commenced the present action on August 14, 2014,

pursuant to 28 U.S.C § 2254 by filing a petition for writ of habeas corpus. He essentially raises two grounds for relief. Young claims that his procedural and substantive due process rights were violated by the Board's repeated denials of parole for arbitrary and capricious reasons. He bases his claims on the repeated denial of parole based upon stagnant facts such as criminal history, and on the Board's requirement that he participate in a program for sex offenders, even though he was never convicted of a sexual offense. He also claims that the aggregation of his sentences was arbitrary and capricious and contrary to law. He seeks an order from this Court granting him immediate parole. (ECF No 1).

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that he is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

Respondents have filed an Answer in which they argue that Young's claims are meritless. (ECF No. 5) Young has filed a Reply (ECF No. 8).

### DISCUSSION

### Exhaustion

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Young can challenge a parole denial based upon due process grounds, Young likely is exempt from the exhaustion requirement. *Defoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005); *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) Respondents concede that exhaustion is not required based on *Defoy*. (ECF No. 5).

In any event, a federal court "may bypass the exhaustion issue altogether should [it]

decide that the petitioner's habeas claim fails on the merits." *Roman*, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the instant petition has no merit, this Court "need not address the issue of exhaustion in this case." *Id.*

The Court will now turn to the merits of Young's claims.

### Due Process

Young is challenging the Board's multiple decisions to deny him parole. Young claims that his due process rights have been violated. To the extent that Young is raising a procedural due process claim, that claim must be denied. The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Young cannot meet either criterion because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love,* 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pennsylvania Bd. of Prob. & Parole,* 724 A.2d 319, 323 (Pa. 1999). *See also Newman v. Beard,* 617 F.3d 775, 783 (3d Cir. 2010). Because Petitioner cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Turning to a substantive due process analysis, the Third Circuit Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter,* 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman,* 617 F.3d at 782. The United States Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.' " *Burkett,* 89 F.3d at 139 (citing *Perry v. Sindermann,* 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). *Id.* at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block,* 631 F.2d at 237.

Importantly, the Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted.

*Hunterson v. DiSabato,* 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which our appellate court has termed at times "conscience shocking." *Hunterson,* 308 F.3d at 246–47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id.* at 247–48. *See also Newman,* 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn,* 251 F.3d 480, 487 (3d Cir. 2001); *Newman,* 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest [.]") (internal quotations and citations omitted).

Young has not demonstrated that the Board's decisions lacked "some basis." As reflected in the April 24, 2014, decision, as well as in the prior Board decisions, Young has been denied parole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute. The Board determined, *inter alia,* that Young had an unsatisfactory parole supervision history, a negative recommendation by the Department of Corrections, a risk level to the community, that he minimized the nature and circumstances of his offenses and that he needed to participate and complete additional institutional programs, including an evaluation for a sex offender program. (ECF No. 5-2, Attachment B, Exhibit 16).

Young argues that the Board's repeated denial of parole, the recommendation that he be referred to sex offender treatment assessment and the Board's continued review of the offenses

11

in his criminal history is evidence of an arbitrary and capricious decision by the Board.[2] However, the record clearly reflects that the denial of parole in each instance was made on relevant facts, none of which individually or collectively can be said to be egregious. None of the cited reasons are based on constitutionally impermissible grounds, but are instead proper statutory grounds under the Pennsylvania Prisons and Parole Code. *See* 61 Pa.C.S.A. § 6135(a). *See also Wilson v. Pa. Board of Probation and Parole*, 942 A.2d 270 (Pa. Commw. Ct. 2008)(inmate who was not convicted of any sex offenses has no liberty interest in not being required to participate in sex offender programing). Although Young disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." I will not second guess that determination. Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

### Aggregation of Sentences

Young also argues that he is entitled to habeas relief based on the aggregation of his consecutive sentences. The aggregation of Young's sentences is mandatory and automatic by Pennsylvania law. 42 Pa. C.S. § 9757. *See also Gillespie v. Commonwealth*, 527 A.2d 1061 (Pa. Commw. Ct. 1987), *appeal denied*, 518 Pa. 614 (Pa. 1988). *See also Forbes v. Digugliemo*, 2012 WL 669458 (E.D.Pa. 2012). Therefore, Young is not entitled to habeas relief based upon the aggregation of his sentences.

### Certificate of Appealability

---

[2] Respondents assert that Young is seeking relief from all six parole denials on his sentence at inmate number EP-8117 and that prior parole refusals are moot after a new parole decision. The court interprets Young's argument to be that the totality of six parole denials are evidence of the arbitrary and capricious nature of the sixth parole denial decision, which is the subject of this action.

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Young has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, it is recommended that a certificate of appealability not be issued.

## CONCLUSION

Based on the discussion above the Petition for Writ of Habeas Corpus will be denied. Further, the Court finds that there is no basis upon which to grant a certificate of appealability.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 26th day of January, 2016, for the reasons set forth in the Memorandum above, it is hereby **ORDERED** that Young's § 2254 Petition (ECF No. 1) be, and the same hereby, is, **DENIED** and a certificate of appealability is **DENIED**.

The Clerk of Court is directed to close this case.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  RICHARD YOUNG, JR.
     EP-8117

SCI Greene
175 Progress Drive
Waynesburg, PA
(via First Class Mail)

Chad L. Allensworth
Pennsylvania Board of Probation and Parole
(via CM/ECF electronic transmission)